<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RONILTON MOREIRA DA SILVA, | |
| Petitioner, | No. 25cv17095 (EP) |
| v. | **MEMORANDUM ORDER** |
| JAMES LAFORGE, *et al.*, | |
| Respondents. | |

**PADIN, District Judge.**

This matter comes before the Court on Petitioner Ronilton Moreira da Silva's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by immigration authorities without a bond hearing.  D.E. 1 ("Petition" or "Pet").  Respondents requested a phone conference in lieu of filing an answer.  D.E. 3 ("Letter").  The phone conference was held before the Court on November 13, 2025, at 3:00 p.m.  For the reasons discussed below, the Court **GRANTS** the Petition.

**I.     BACKGROUND**

Petitioner is a citizen of Brazil who entered the United States in July 2021, and lives in Beverly, New Jersey.  Pet. ¶¶ 17, 61.  Petitioner timely applied for asylum in July 2022, and his application was denied on September 8, 2025.  *Id.* ¶¶ 62–63; D.E. 1-1, Ex. A. ("Not. of Appeal").  Consequently, Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone having entered the United States without inspection, and was ordered removed.  Pet. ¶ 63; Not. of Appeal.  Petitioner timely appealed the denial of his asylum application on October 5, 2025.  Pet. ¶¶ 64–65; Not. of Appeal; and D.E. 1-1 at 10, Ex. B ("Filing Receipt").  Years after his entry into the United States, on October 31, 2025, while on his way to work, Petitioner was

arrested by ICE agents and is now detained at the Mount Laurel, New Jersey ICE Sub-Office. Pet. ¶ 67. Following Petitioner's arrest and detention by ICE, he has not been afforded a bond hearing because he is held in mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* ¶¶ 70–72.

The Petition contends that Petitioner will not be provided with a bond hearing "consistent with a new DHS policy issued on July 8, 2025," and the BIA decision on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025). *Id.* ¶¶ 4–5. This Court has recently rejected *Hurtado*'s interpretation of 8 U.S.C. § 1225(b)(2) in *Lomeu v. Lyons*, No. 25-16589 (EP), D.E. 10. In a factually similar situation, the Court held that Lomeu could not be held in mandatory detention under § 1225(b)(2), but could be detained under 8 U.S.C. § 1226(a), if provided with a bond hearing under 8 C.F.R. § 236.1(d).

## II.    DISCUSSION

This Court held a teleconference in this matter on November 13, 2025. Respondents acknowledged in this teleconference that their Answer to the Petition would rely on the same statutory arguments they made in *Lomeu*, No. 25-16589 (EP), and that the Petition asserts the same salient facts as did the petition in *Lomeu*. Respondents also stipulated in the teleconference that: (1) Petitioner entered the United States without inspection in July 2021; (2) Petitioner has lived in the United States since that time and has a pending appeal of the denial of his asylum application; and (3) Petitioner was arrested by ICE in New Jersey on October 31, 2025, Pet. ¶¶ 17, 61–65. The Court finds that the aforementioned facts establish that Petitioner's detention is authorized only by 8 U.S.C. § 1226(a).

### III.    CONCLUSION

Based on this Court's statutory interpretation in *Lomeu*, 25-16589 (EP), and in the interest of justice and judicial economy, the Court finds that Petitioner is not lawfully detained under 8 U.S.C. § 1225(b)(2), and is entitled to a bond hearing under 8 U.S.C. § 1226(a).  Accordingly,

**IT IS**, on this **13<u>th</u>** day of November 2025,

**ORDERED** that the Petition, D.E. 1, is **GRANTED**; and it is further

**ORDERED** that, within 7 days of this Order, Respondents shall provide Petitioner with an individualized bond hearing, in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(d); and it is further

**ORDERED** that, within 3 business days of that bond hearing, Respondents shall file a written notice of the outcome with the Court.

Evelyn Padin, U.S.D.J.